# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1178 RWS |
| ) | |
| R. JAMES NICHOLSON, ) | |
| Secretary of the United States Department ) | |
| of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Patricia Wilson is an African American female employee of the United States Department of Veterans Affairs (the "USVA"). Wilson alleges that she was not hired for a position in the USVA's human resources department because of her race. She also alleges that the USVA retaliated against her for filing an Equal Employment Opportunity complaint concerning her failure to be awarded the human resources position. The USVA has moved for summary judgment. I will grant the USVA's motion because Wilson has failed to establish a genuine issue of fact that creates a reasonable inference that she has been the victim of employment discrimination.

*Background*

Plaintiff Patricia Wilson currently works as an Educational Liaison Representative / Compliance Specialist for the Department of Veterans Affairs in Chicago, Illinois, and is classified as a GS-11. She began her employment with the USVA on an unspecified date in 2001. On June 19, 2002, the USVA issued a Position Vacancy Announcement for a Human

Resources Specialist position, GS-201-5/7/9/11, Announcement No. MPA-394-02-331-31-200. Wilson applied for this position. At the time of her application, Wilson was employed as a GS-9 Veterans Claims Examiner at the VA Regional Office in St. Louis, Missouri.

Wilson and seven other candidates, including Adam D. Gitaudo, were considered to be qualified for the human resources position and were referred for consideration at the GS-05 grade level. Wilson and three others, including Giraudo, were also qualified for and referred for consideration at the GS-07 level. Wilson was also referred as a qualified candidate at the GS-09 level. The determination of who was qualified as a candidate was made by the USVA's human resources office in Detroit, Michigan.

Two employees at the St. Louis VA Regional Office conducted job interviews of the seven candidates. The two are Gina Byrd, an African American female who was the EEO Program Manager and Janet McDonald, a Caucasian female who was the Human Resources Liaison. According to Byrd's affidavit, the candidates' education and experience were factors in selecting candidates who were qualified for the Human Resources Specialist position. However, it was the interview portion of the selection process that would determine which candidate would be selected for the position.

All of the candidates were asked the same six oral questions and one written question in the interview. Byrd and McDonald established a scoring system for the candidates' responses to assist in the selection of the best candidate. Based on the scoring system, Giraudo, a Caucasian male, received the highest score of the seven candidates. Wilson received the second lowest score. Byrd stated in her affidavit that when all the scores were tallied the selectee, Giraudo, rose to the top. Byrd stated that based on the interviews she felt that Giraudo was best suited for the

human resources position.

McDonald's stated in an affidavit that Giraudo was the best candidate based on his interview.

Both interviewers commented on Wilson's performance in the job interview. In her affidavit, Byrd stated that Wilson did not answer the questions asked, instead only talking about what she wanted to talk about. Byrd also stated that Wilson said in the interviews that management (at Wilson's old job at the Post Office) caused a lot of problems in the workplace. Byrd stated that human resources position was part of the management team and she could not see Wilson fitting in very well because of Wilson's view of management.

McDonald reflects similar views in her affidavit. She stated that Wilson had her own agenda in the interview process and did not answer the interviewers' questions. She also stated that Wilson "bashed management" and stated that everything was management's fault.

Byrd and McDonald recommended Giraudo for the human resources position to Gerald Lorang. As the Assistant Director of the St. Louis Regional Office, Lorang was the "selecting official" for the position. Lorang stated in his affidavit that he relied on Byrd and McDonald to recommend the best candidate because they would be training the new person. Lorang awarded the human resources position to Giraudo.

When she was not awarded the human resources position Wilson contacted an Equal Employment Opportunity (EEO) counselor at the USVA and alleged that she did not get the position because of her race. Wilson exhausted her administrative remedies concerning this claim within the USVA and filed the present action on August 7, 2007. In her second amended complaint she asserted four counts of discrimination under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e *et seq.* In Count I she alleges that she was not selected for the human resources position because of her race. In Count II she alleges that she was subjected to retaliation in violation of Title VII for filing discrimination charges with the EEO related to the human resources position. In Count III Wilson asserts she has been subjected to discrimination in retaliation for her affiliation with union membership. In Court IV[1] Wilson asserts that she is the victim of retaliation because she was not "considered for various advancements within the VA."

The USVA has filed a motion for summary judgment asserting that Wilson has failed to put forward evidence that would support a jury finding that a discriminatory motive was a determinative factor in the USVA's employment decision. The USVA seeks a dismissal of Wilson's retaliation claims on the basis that theses claims were not administratively exhausted with the agency.

***Legal Standard***

In considering whether to grant summary judgment, a district court examines the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ...." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings,

---

[1] Inadvertently listed as Count V in the second amended complaint.

depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

Direct evidence of employment discrimination is rare, therefore, most cases rely on circumstantial evidence. In the absence of direct evidence of discrimination, courts employ the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)(Title VII case).[2]

Under the burden-shifting analysis, the plaintiff must first establish a prima facie case of intentional discrimination. McDonnell Douglas, 411 U.S. at 802; Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir. 1994). If the plaintiff establishes a prima facie case, a presumption of discrimination is established and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. 411 U.S. at 802. The defendant need not persuade the court that the articulated reason was the basis of the employer's action; rather, it must simply provide some evidence of a non-discriminatory reason or reasons

---

[2] The same burden shifting analysis is applied to other claims of discrimination. See Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1332 (8th Cir. 1996)(applying McDonnell Douglas to an ADEA claim); Epps v. City of Pine Lawn, 353 F.3d 588, 591 (8th Cir. 2003) (applying McDonnell Douglas burden-shifting analysis to claims under the ADA and the MHRA).

for its action.  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509 (1993).

Upon the proffer of such evidence, the presumption of discrimination established by the prima facie case "simply drops out of the picture." Id. at 510-11.  The burden then shifts back to the plaintiff to prove that the reason articulated by the employer was really a pretext for discrimination.  Aucutt, 85 F.3d at 1316.  A rejection of the employer's proffered non-discriminatory reason by itself or combined with elements of the prima facie case may be enough to establish, but does not compel, an inference of intentional discrimination.  St. Mary's Honor Center, 509 U.S. at 511.

The burden of proving discrimination remains on the plaintiff at all times.  Id. at 515-16.  It is not enough to merely discredit defendant's articulated reason for the adverse employment action.  A plaintiff must always establish that the real reason for defendant's action was impermissible discrimination.  Id.; see also Huston v. McDonnell Douglas Corp., 63 F.3d 771, 777 (8th Cir. 1995).  To avoid summary judgment, a plaintiff must present evidence that, when viewed in its entirety: (1) creates a fact issue as to whether the employer's proffered reason is pretextual, and (2) creates a reasonable inference that a discriminatory motive was a determinative factor in the adverse employment decision.  Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1336-37 (8th Cir. 1996).

*Discussion*

Wilson suggests in her response to the USVA's motion for summary judgment that she has presented direct evidence of discrimination.  '[D]irect evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the

adverse employment action." Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir. 2004)(internal quotation and citation omitted). "Thus, direct [evidence] refers to the causal strength of the proof, not whether it is circumstantial evidence." Id.

Wilson does not offer any specific link evidence of racial discrimination to establish a direct evidence case. Therefore, her claims must be analyzed under the burden shifting framework of McDonnell Douglas. Id. ("if the plaintiff lacks evidence that clearly points to the presence of an illegal motive, he must avoid summary judgment by creating the requisite inference of unlawful discrimination through the McDonnell Douglas analysis").

*Failure to hire*

Wilson alleges in Count I that she was not awarded the human resources position because of her race. To establish a prima facie case of discrimination in a failure-to-hire context requires a plaintiff to show that (1) she belongs to a protected class; (2) she applied and was qualified for a job for which the defendant was seeking applicants; (3) she was rejected; and (4) the defendant filled the position with a person who was not in the protected group. Schiltz v. Burlington Northern R.R., 115 F.3d 1407, 1412 (8th Cir. 1997).

Wilson has established her prima facie case. She is a black employee with the USVA who was qualified for the position but was not given the position. The job went to Giraudo, a white employee of the USVA.

Upon the establishment of Wilson's prima facie case the burden of production shifted to the USVA to articulate a legitimate, non-discriminatory reason for not hiring Wilson for the position. The USVA has come forward with evidence that the hiring decision was based on how the candidates performed in the interview portion of the selection process. Giraudo was awarded

the job because he scored the highest marks for his interview as tallied by Byrd and McDonald. Based on this production, any presumption of discrimination established by Wilson's prima facie case "simply drops from the picture." St. Mary's Honor Center, 509 U.S. at 510-511.

Wilson retains the burden to present evidence that (1) creates a fact issue as to whether the employer's proffered reason is pretextual, and (2) creates a reasonable inference that a discriminatory motive was a determinative factor in her failing to be awarded the human resources position. Rothmeier, 85 F.3d at 1336-37.

In her deposition Wilson states various reasons why she believes she was not selected for the position at issue. She asserts that Byrd and McDonald did not have a masters degree in human resources like Wilson had so they viewed Wilson unfavorably in the interview process. Wilson believes that they felt intimidated by Wilson's credentials. (Pl. Dep. p.74) When asked at her deposition why Wilson believes that Giraudo was selected for the position Wilson stated that he was pre-selected base on nepotism. Giraudo's aunt worked at the VA and Wilson believed "they owed her a favor, and it was just her turn. And Adam was the beneficiary ." (Pl. Dep. p.p. 78-79) She also asserts that Byrd and McDonald confused some of Wilson's interview responses to those of another candidate.

After stating these reasons for why she believes she was not selected for the job, Wilson was asked in her deposition if "the basic allegation [of her claim] ... is that you have been discriminated against based on your race." Wilson responded, "Yeah, race. At the time , I wasn't 40. So, yeah, race."

None of these reasons Wilson states in her deposition supports a reasonable inference that race was a determinative factor in her failing to be awarded the human resources position.

In her response to the motion for summary judgment Wilson asserts that Giraudo was not qualified for the human resources position (a GS-7 grade level) because such a grade level required a one-year post-graduate degree which Giraudo did not have. The USVA's uncontested evidence is that Giraudo qualified for the GS-7 grade level based on his work experience which may be substituted for an educational qualification. In addition, Wilson does not suggest that the selection of the group of candidates to be interviewed (made by the Detroit office) was biased. (Pl. Dep. p. 73 (Wilson states how the creation of candidate list in Detroit is likely to be unbiased compared to a list compiled by a local VA office))

Wilson also stated that she believed that race was a factor in that all of the black candidates for the position at issue were better qualified than Giraudo. (Pl. Admin. Hearing Ex. C. p. 45) This subjective belief of Wilson fails to infer racial discrimination especially in light of her deposition testimony that Giraudo was selected because of nepotism not because he was white.

Wilson also alleges that EEO counselor Cindy Burkowsky told Wilson that Burkowsky felt, without any basis for the opinion, that management wanted a white male for the human resources job. (Pl. Admin. Hearing Ex. C. p.p. 46-47) Burkowsky denied this allegation in an affidavit filed in the record. In addition, Wilson asserts that a co-worker who also applied for the position, Velma Handy, was of the opinion that a white person was selected for the position because management did not want two black females in human resources (Byrd was already employed in human resources). These speculative opinions do not create a reasonable inference that a discriminatory motive was a determinative factor in her failing to be awarded the human resources position. This is especially the case because Wilson failed to mention any of these

reasons when she was asked in her deposition why Giraudo was hired. All of these alleged statements and opinions were made to Wilson before her deposition was taken. yet Wilson stated in her deposition that nepotism was the reason Giraudo was hired.

As a result, I will grant the USVA's motion for summary judgment because Wilson has failed to raise a genuine issue of material fact that would support her charge of racial discrimination under Count I of her complaint.

*Failure to exhaust*

Wilson asserts claims of retaliation under Title VII in Counts II, III, and IV of her complaint.³ There is no evidence in the record that Wilson's exhausted her administrative remedies as to these claims before bringing her retaliation claims under Title VII. To the contrary, Wilson admitted in her deposition that these claims were either not raised in an EEO process at the VA, or if they were raised they were resolved in the administrative process and dismissed, or that they have yet to be fully exhausted. The USVA has moved for summary judgment on the basis of Wilson's failure to exhaust her administrative remedies as to these claims.

"Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer." McAlister v. Secretary of Dept. of Health and Human Services, 900 F.2d 157, 158 (8th Cir.1990)(citing Morgan v. United States Postal Service, 798 F.2d 1162 (8th Cir.1986). Failure to exhaust such remedies is fatal to claims

---

³ To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between (1) and (2). Robinson v. Potter, 453 F.3d 990, 994 (8th Cir. 2006).

of federal employment discrimination. Id.

Prior to filing an employment action against a federal agency in a district court a complainant must comply with certain notice and exhaustion requirements. In order to exhaust her administrative remedies, a complainant must first pursue her allegations by contacting an EEO counselor within 45 days of the unlawful practice. 29 C.F.R. § 1614.105(a)(1). Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir.2005). If dissatisfied with the result obtained with the help of the counselor, the employee must file a formal complaint of discrimination with the federal agency. 29 C.F.R. § 1614.106. Once the agency has made a final determination of the complaint, an employee can file a civil action in federal court asserting a claim of employment discrimination. 42 U.S.C. § 2000e-16(c).

After exhausting his administrative remedies, a plaintiff obtains the right to file a civil action in federal court based upon the employment discrimination claim alleged in the EEOC charge, along with allegations that are "'like or reasonably related'" to that claim. Id. (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)).

Exhaustion of administrative remedies is not a jurisdictional requirement. Zipes v. TWA, Inc., 455 U.S. 385, 393(1982). It is a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The defendant has the burden of proving the affirmative defense of failure to exhaust administrative remedies. Ballard v. Rubin, 284 F.3d 957, 964 n.6 (8th Cir. 2002)(citation and quotations omitted).

In her complaint Wilson asserts discrete claims of retaliation discrimination alleging that she was passed over for other job openings because of her EEO activities and her affiliation in union membership.[4] The USVA has carried its burden of proof to establish that Wilson has failed to exhaust her administrative remedies as to these claims. Wilson attempts to bypass the exhaustion requirement by asserting that these claims are part of the continuing violations related to her failure to receive the human resources position.

Wilson's continuing violation theory fails for two reasons. First, Wilson never alleged retaliation in her EEO complaint regarding her failure to be selected for the human resources position. Wilson's claim of race discrimination in her EEO charge is separate and distinct from her claims of retaliation asserted in Counts II through IV. These retaliation claims cannot be deemed to be a natural extension of her failure to hire claim. See Williams, 21 F.3d at 222 - 223 (retaliation claim separate and distinct from race discrimination claim).

Second, each of Wilson's retaliation claims of a failure to hire or promote her in various jobs at the VA is a discrete and complete act at the time she was not promoted. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). Such discretionary employment decisions do not constitute a continuous violation of Title VII. Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir. 2003).

As a result, I will grant the USVA summary judgment on Wilson's retaliation claims because these claims have not been administratively exhausted as required by Title VII.

---

[4] I note that a complaint of discrimination based on union activities is not a basis for relief under Title VII.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [#30] is **GRANTED**.

                                                                      RODNEY W. SIPPEL
                                                                      UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2008.